(Hamilton County Court of Common Pleas.)

## LEO SCHOTT, TREASURER OF HAMILTON COUNTY, v. FREDERICK BURCKHARDT.

*False tax returns- Corrections and additions by county auditor.*—Under sec. 2781 Rev. Stat., the auditor in making corrections and additions to false tax returns is only required to enter the gross amount assessed for each year on property omitted for taxation, and not to enter the specific items of property by him added and assessed.

*Suit by county treasurer.*—The treasurer may sue to recover taxes added by the county auditor in a proceeding to correct false returns, immediatey after the certificate therefor is received by him, and need not wait until the expiration of the time for the payment of annual taxes.

*Taxes added for property omitted on tax return- Computation of five years back.*—Back taxes added by the auditor for omitted property in April, 1895, for three years back from that time, embrace taxes for the year 1889.

WRIGHT, J.

The plaintiff sues as treasurer of Hamilton County to recover amounts of personal taxes and penalty, certified to him by the County Auditor, upon April 2nd, 1895, for the years 1889, 1890, 1891, 1892, 1893, and 1894, averring in his petition that the certificate was made to him in accordance with the provisions of the statute (R. S. Sec. 2781), after a proceeding had by the Auditor for the correction of false statements and returns for taxation .

The defendant files a motion to require the plaintiff to make his petition more definite and certain:

1. "By separately stating and numbering his causes of action."

2. "By stating what the alleged property was, whether moneys, credits or investments, which the defendant at the several times mentioned is alleged to have omitted to return."

There is, in addition, a demurrer to the first cause of action.

Upon inspection of the petition it appears that the causes of action. are in effect, separately stated and numbered.

As to the second ground of the motion.

R. S. Sec. 2781 provides amongst other things, that "the auditor shall for each year ascertain. * * * the true amount of personal property, moneys, credits and investments that such persons ought to have returned. . . . and to the amount so ascertained for each year, he shall add fifty per centum, multiply the sum or sums thus increased by said penalty by the rate of taxation belonging to said year or years, and accordingly enter the same on the tax lists in his office, giving a certificate therefor to the county treasurer, who shall collect the same as other taxes."

What shall he enter on the tax-list, the gross amount assessed for each year, or as many items as there are kinds of personal property .assessed? The meaning intended by the word "amount" is largely indicated by contemplating the purpose of the section; the purpose of the section is to effect the placing of entries upon the tax-list, and what shall go

upon the tax-list, is in turn to a certain degree indicated by the use to which the tax list is to be put. Now, the chief end of the tax-list is, that it shall be the basis of, and record of, what goes to the treasurer, the "duplicate." This is simply a copy of the tax-list; all necessary for the performance of the duty of the treasurer, is that he be supplied with the names of those from whom taxes are to be collected, and the "amount" to be collected from each.

Certain other sections are instructive, as indicating the general plan contemplated by the law, for the ascertainment of, and collection of taxes properly payable. Section 2755 provides that, "Each assessor shall make out and deliver to the county auditor in tabular form and alphabetical order, a list of the several persons. * * * in whose name any personal property, money, credits or investments shall have been listed. . . . . placing separately in appropriate columns, opposite each name the aggregate value of the several species of property enumerated in section 2737, as listed etc."

Section 2756: "At the time of delivering the lists named in the next preceding section, the assessor shall also deliver to the auditor all the statements of property which he shall have received from persons. * * * and the auditor shall carefully preserve the same in his office for at least one year."

Section 2757: "The assessor upon making return to the auditor of the lists and statements shall take and subscribe an oath, etc."

Thus it seems indicated that the plan and purpose is that the assessors list shall supersede the individual personal returns, being a condensation of them, and that the tax lists shall supersede the lists of the assessor being a condensation of them. Now, the office of the Auditor being to determine how much shall be collected from the individual tax payer, and the office of the treasurer being simply to collect ascertained amounts, and the office of the tax-list, to advise the treasurer how much to collect from each tax payer, the purpose contemplated for the tax list is subserved by its containing only names and total amounts; those the auditor has "ascertained" from the lists of the assessors, and having ascertained them, his certificate to the treasurer (a copy of the tax list), of names and totals, enables the treasurer to perform his duty of collection.

It is admittedly the universal practice of the auditor to enter nothing but names and grand totals upon the personal tax list, and we think in so doing he complies with the law.

Assuming, then, that the tax list contains under the general law only entries of names and grand totals for each year, the entry contemplated by Section 2781 is the same kind of an entry, to-wit, an entry of only grand totals for each year; the certificate porvided for, is of what has been entered on the tax list—only grand totals; and these the treasurer shall collect as other taxes."

How are "other taxes" collected?

See Section 2859: "When any personal * * * taxes stand charged against any person, and the same shall not be paid, the treasurer * * * to enforce the collection by a civil action * * * against such person * * * and it shall be sufficient * * * to allege in * * * his petition that the taxes stand charged upon the * * * duplicate against such person; that the same are due and unpaid, and that such person is indebted in the amount appearing to be due on said duplicate, and such treasurer shall not be required to set forth in his petition any other or further special matter relating thereto, and said tax duplicate shall be received as prima facie evidence on the trial of said suit, of the amount and the validity of such taxes appearing due and unpaid thereon." It being already

VOL. 2—8* (also part 7* reprinted and corrected.)

determined that the "duplicate" shall contain only names and grand totals, and this statute expressly providing for a suit upon the basis of the duplicate without averments of any matter extraneous to the duplicate, it is not necessary for the treasurer to state "what the property was, whether moneys, credits or investments." Hence, the second ground of the motion is not well taken, and the motion is altogether overruled.

The demurrer to the first cause of action presents two questions.

1. Can the treasurer sue to recover taxes added by the auditor in a proceeding to correct false returns, immediately after the certificate is received by him, or must he defer until after the "20th day of December next ensuing' (Sec. 1091)?

2. Additions having been made April 11th, 1895, can the treasurer by suit recover taxes omitted for the year 1889 (under Sec. 2781)?

The First Question.

Section 2859, authorizing the treasurer to collect taxes by civil action reads in part, as follows: "When any personal taxes, heretofore, or hereafter levied, stand charged against any person, and the same shall not be paid within the time prescribed by law for the payment of such taxes, the treasurer—is authorized *  *  * to enforce *  *  * collection *  *  * by a civil action etc." The query is at once suggested, does the "law prescribe" a time for the payment of omitted taxes which are added under Sec. 2781?

If the law does not prescribe or provide a time within which they may be paid, then they are payable presently, immediately upon the receipt by the treasurer of the certificate. There is certainly no special provision of the statute relating thereto; the statute of general application to the "time for the payment of taxes" is section 1091. Do the provisions of this section, which are in effect an extension of time for payment, a statute of privilege, extend to taxes which have been omitted, and subsequently ascertained and added? The section is as follows: "Each person charged with taxes on a tax duplicate in the hands of a county treasurer, may pay the full amount of such taxes on or before the 20th day of December, etc." Now, is Burckhardt charged with taxes, "on a duplicate in the hands of the county treasurer"? Strictly speaking, no! because the "duplicate" went into the hands of the treasurer without these charges thereon against Burckhardt, and has not been, cannot be, changed. Although B. is now charged with back taxes for the years in question, yet such charges have never been upon "duplicates in the hands of the county treasurer"; the treasurer has no entry thereof upon his duplicate, but simply the especial separate certificate from the auditor. Judge Bradbury in State ex rel. v. Crites, 48 Ohio St. 467 says "the auditor is not required to pass to the treasurer's office and enter the additions on the duplicate or duplicates found there. Instead of this his duty is to make out and give to the treasurer a certificate of the additions." The law is very clear that the additions never get upon the "duplicate in the hands of the county treasurer," and the provisions of sec. 1091 relate only to the time of payment of taxes "charged upon a duplicate in the hands of a county treasurer."

The above indicated construction of sec. 1091 excludes Burkhardt from participation in its benefits, and the construction we think proper, and adopt; in addition it might be said that the policy of the law is not, with one hand to put a penalty upon a man for not paying that which he should long ago have paid, and with the other hand concede him still further time for payment.

The ethics of the situation present reasons leading to the same conclusions, but their enumeration is unnecessary. We are of the opinion that

the phrase, "who shall collect the same as other taxes," of section 2781, indicates the methods of collection proper to be adopted by the treasurer, without regard to the time of collection; therefore the first ground of demurrer is not well taken.

The Second Question.—Additions having been made April 11th, 1895, can the treasurer by suit recover taxes omitted for the year 1889?

Section 2781 authorizes the correction of returns for each year "not exceeding five years next prior to the year in which the inquiries and corrections provided for in this and the next section are made."

Section 6044, as amended 90 O. L. 217, provides, "in all additions to the personal tax list and duplicate, made by any county auditor each succeeding year, the year shall be considered as beginning at the time of the completion of the annual settlement with the county treasurer, of the duplicate for the preceding year."

The annual settlements are in August (Secs. 1043 and 1115); the annual settlement for the year 1894 is in August of 1895; therefore the "tax-year" of 1895 begins in August 1895, and the "tax-year" of 1894 ends in August of 1895; the beginning of the "tax-year" of 1894 is in August 1894, etc.

The additions in the case at bar were made in April A. D. 1895, before the 1894 tax year had expired, while the 1894 duplicate was the current duplicate, and hence during the 1894 tax year; the first year next prior thereto was the 1893 tax year; the second, the 1892 tax year; the third, the 1891 tax year; the fourth, the 1890 tax year; the fifth, the 1889 tax year.

The demurrer is overruled.

Spiegel, Foraker & Rendigs, County Solicitors, and Wm. L. Avery, for plaintiff.

Kittredge, Wilby & Simmons, for defendant.